1  SCOTTLYNN J HUBBARD IV, SBN 212970
2  KHUSHPREET R. MEHTON, SBN 276827
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
5  Facsimile: (530) 894-8244
   Email: USDCCentral@HubsLaw.com
6
   Attorneys for Plaintiff
7

8

9

10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

14

15  MARTIN VOGEL,                      )  No.
                                       )
16        Plaintiff,                   )
                                       )  **Plaintiff's Complaint**
17        vs.                          )
                                       )
18  S & H ASSOCIATES, LLC dba          )
19  DEL TACO #154; R & R               )
    MANAGEMENT, LLC,                   )
20                                     )
          Defendants.                  )
21                                     )

22

23

24

25

26

27

28

*Vogel v. S & H Associates, LLC, et al.*
Plaintiff's Complaint

Page 1

# I. SUMMARY

1. This is a civil rights action by plaintiff Martin Vogel (referred to hereinafter as "Vogel") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Del Taco #154
9436 Warner Avenue
Fountain Valley, CA 92708
(referred to hereinafter as "the Restaurant")

2. Vogel seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: S & H Associates, LLC dba Del Taco #154; and, R & R Management, LLC (hereinafter collectively referred to as "Del Taco").

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Vogel's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7. Del Taco owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8. Vogel is a T-3 paraplegic as a result of a motorcycle accident in 1986 which left him unable to walk or stand and requiring the use of a wheelchair when traveling about in public. Consequently, Vogel is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Vogel visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Vogel, the barriers at the Restaurant included, but are not limited to, the following:

- There is no space designated as being van accessible, thus making it difficult for Vogel to determine which spaces are intended for and will accommodate vans;
- The signage at the disabled parking space is mounted too low, thus making it difficult for Vogel to see and use to determine which spaces are intended for his use;
- The disabled parking space has slopes and/or cross slopes that are too steep. Without a level parking space, it is difficult for Vogel to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;
- The access aisle has slopes and/or cross slopes that are too steep. Without a level access aisle, it is difficult for Vogel to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- The tow away signage posted is incorrect. Without the correct signage posted, Vogel cannot have vehicles towed that are illegally parked in disabled parking spaces;
- There is no International Symbol of Accessibility mounted at the entrance that would indicate to Vogel that the Restaurant is intended to be accessible to him;
- There is no signage at the strike side of the men's restroom door that would indicate to Vogel that the facility is intended to be accessible to him;
- The disposable seat cover dispenser is mounted too high, thus making it difficult for Vogel to reach and use;
- The water closet obstructs the clear space required to access the disposable seat cover dispenser, thus making the dispenser difficult for Vogel to reach and use; and,
- The flush valve is not located on the wide side of the water closet, thus making it difficult for Vogel to reach and use;
- The pipes beneath the lavatory are incompletely wrapped, thus causing Vogel to risk burning his legs when washing his hands.

These barriers prevented Vogel from enjoying full and equal access.

11. Vogel was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12. Vogel also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Vogel is seeking to remove barriers unrelated to his disability.

*Vogel v. S & H Associates, LLC, et al.*
Plaintiff's Complaint

13. Del Taco knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Del Taco has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled. To date, however, Del Taco refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Del Taco has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Del Taco has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. Vogel incorporates the allegations contained in paragraphs 1 through 15 for this claim.

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Del Taco discriminated against Vogel by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

18.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

19.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20.   Here, Vogel alleges that Del Taco can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Del Taco violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21.   In the alternative, if it was not "readily achievable" for Del Taco to remove the Restaurant's barriers, then Del Taco violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

22.   On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24. Here, Del Taco violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Vogel—when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

25. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

26. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

27. Here, Del Taco altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Vogel—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

28. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Here, Del Taco violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Vogel v. S & H Associates, LLC, et al.*
Plaintiff's Complaint

Page 7

30. Vogel seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31. Vogel also seeks a finding from this Court (*i.e.,* declaratory relief) that Del Taco violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

**Disabled Persons Act**

32. Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36. Here, Del Taco discriminated against the physically disabled public—including Vogel—by denying them full and equal access to the Restaurant. Del Taco also violated Vogel's rights under the ADA, and, therefore, infringed upon or violated (or both) Vogel's rights under the Disabled Persons Act.

37. For each offense of the Disabled Persons Act, Vogel seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

38. He also seeks to enjoin Del Taco from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

**Unruh Civil Rights Act**

39. Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

40. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

42. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

43. Del Taco's aforementioned acts and omissions denied the physically disabled public—including Vogel—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

44. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Vogel by violating the Unruh Act.

45. Vogel was damaged by Del Taco's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

46. Vogel also seeks to enjoin Del Taco from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

*Vogel v. S & H Associates, LLC, et al.*
Plaintiff's Complaint

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

47. Vogel incorporates the allegations contained in paragraphs 1 through 13 for this claim.

48. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

49. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50. Vogel alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

51. Del Taco's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Vogel and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Vogel prays judgment against Del Taco for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Del Taco violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[2]

5. Interest at the legal rate from the date of the filing of this action.

DATED: November 3, 2015     DISABLED ADVOCACY GROUP, APLC

*/s/ Scottlynn J Hubbard IV*
SCOTTLYNN J HUBBARD IV
Attorney for Plaintiff

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.